ADAMS & LADD *v.* DANFORTH MOTT.

*Statute of Limitations.*

The defendant having given a bond to keep a certain highway in repair for ten years, and anticipating trouble with the town in regard to it, consulted with and retained the plaintiffs, in June, 1863, in reference to the matter, for which they made a reasonable charge, but were called upon for no further service, but considered themselves retained until the termination of their partnership in 1867. The 26th of November, 1870, the plaintiffs brought this suit to recover for said charge against the defendant. *Held* that the statute of limitations was a bar to the action.

THIS was an action of book account, and heard and tried upon the auditor's report, September term, 1871, ROYCE, J., presiding, and judgment rendered on the report for defendant, to which the plaintiffs excepted.

The auditor reported as follows :

The only item of account presented before the auditor was a charge of $10 by the plaintiffs against the defendant for counsel and advice in his town matter in regard to a road.

In regard to this item the auditor finds that prior to the year 1860, the defendant had executed a bond to the town of Alburgh to build a certain road in that town, and to keep it in a certain state of repair, specified in said bond, for ten years after its completion, for which the town were to make certain allowances or payments to him, also specified in said bond, but not material to be set forth here ; that on the 6th day of October, 1860, he completed the said road, and it was that day accepted by the selectmen of the town, and the ten years that he was to keep it in repair began to run from that time. The plaintiffs formed a partnership for the practice of the law in the fore part of the year 1863, and located themselves and had an office in said town of Alburgh. In June of that year, there was dissatisfaction on the part of some of the inhabitants of the town with the manner in which the defendant had kept the road in repair to that time, and there was considerable talk of bringing a suit against him upon his bond, and there was an article inserted in the warning for a town meeting, called to be held on the 30th day of June, 1863, " to see what instruction the town will give the selectmen in regard to the Danforth Mott road." A little before the time when the meeting was to be held, but after it had been warned, the defendant called upon the plaintiffs and employed and retained them to assist him professionally in his difficulty with the town ; and a consultation of considerable length was had, in which the bond was shown, and its legal effect discussed. The result of the action of the town-meeting was favorable to the defendant, and no suit was brought, and the plaintiffs were never called upon to render any service in relation to the matter, after the above consultation. The partnership between the plaintiffs continued until the first day of March, 1867, and they considered themselves retained till that time for the defendant upon any question that might have arisen between him and the town concerning the said road or bond ; but nothing ever passed between the plaintiffs and defendant after the consultation above detailed in relation to the matter. There was never any new promise or part payment made. The charge was a reasonable and proper one to be made. The suit was brought on the twenty-sixth day of November, 1870. The defendant has always been within reach of process in this State, and on the trial relied upon the statute of limitations in addition to claiming that the charge was never a just one against him. Said bond has not

yet been given up to be canceled, nor has a final settlement been yet had between the defendant and the town concerning the bond and road.

Upon these facts the auditor finds that there is nothing due from the defendant to the plaintiffs, unless the court should decide that the above facts take the case out of the statute of limitations, in which case there would be due said item of ten dollars, which with the interest thereon would amount, on the first day of the present term of this court, to the sum of fourteen dollars and ninety-five cents in favor of the plaintiffs.

*Adams & Ladd, pro se.*

The contract in this case, as found by the auditor, was an entire contract. The fact that no suit had been or was brought can make no difference. It was the *liability* to one which was the occasion of the retainer, and that was a continuing liability. There was talk of bringing a suit upon the bond. The report shows that this liability had not terminated by its own limitation, or been in any way extinguished, the bond not having been given up. *Elliot* v. *Lawton*, 7 Allen, 274 ; *Rothney* v. *Munnings*, 1 Barn. and Adol., 15 ; *Whitehead* v. *Soule*, 11 Eng. Law and Equity, 587 ; *Foster* v. *Jack*, 4 Watt, (Penn.,) 334 ; *Jones* v. *Lewis*, 11 Texas, 359 ; *Lichty* v. *Hugers*, 55 Penn. St., 434 ; *Vanhorn* v. *Scott*, 28 Penn. (11 Harris), 316.

*Royce & Hall*, for the defendant.

The opinion of the court was delivered by

WHEELER, J. Upon the facts reported by the auditor, the sum charged by the plaintiffs was due them from the defendant as soon as the consultation was had and the advice was given. They were, professionally, bound to the defendant about that litigation by his retainer ; but they were not bound to wait any space of time for the pay for their services about the consultation and advice upon the subjects of the litigation. This question is different from those relating to charges for services by counsel in a suit, actually pending, in which services were rendered from its commencement to its termination. No opinion concerning such ques-

tions is now necessary. In this case, the cause of action, for
which the plaintiffs seek to recover, accrued to them more than
six years before the commencement of their suit, and the defend-
ant had a right to avail himself of the statute bar if he chose.

Judgment affirmed.